## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MICHAEL WILLIAMS, and )
JERI WILLIAMS, on behalf of )
themselves and a class of )
similarly-situated individuals, )
  )
          Plaintiffs, )
  )
vs. )     Case No. CIV-13-354-M
  )
CITIMORTGAGE, INC., )
EQUIFAX INFORMATION )
SERVICES, LLC, )
EXPERIAN INFORMATION )
SOLUTIONS, INC., and )
TRANS UNION, LLC, )
  )
          Defendants. )

## <u>ORDER</u>

Before the Court is defendant CitiMortgage, Inc.'s ("CitiMortgage") Motion to Dismiss Plaintiffs' Complaint, filed June 19, 2013. On July 10, 2013, plaintiffs filed their response, and on July 17, 2013, CitiMortgage filed its reply.

Plaintiffs bring a two-count putative class action complaint under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against CitiMortgage, a furnisher of information, and three credit reporting agencies ("CRA"s): Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC (collectively, the "CRA Defendants"). The Complaint contains one count against CitiMortgage (Count I) and one count against the CRA Defendants (Count II). In relation to CitiMortgage, plaintiffs allege that CitiMortgage failed to complete all investigations, reviews, and reports required under § 1681s-2(b)(1) within the thirty (30) day period required under § 1681s-2(b)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), CitiMortgage moves this Court to dismiss plaintiffs' claim against it.

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id*. at 679 (internal quotations and citations omitted).  Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted).  Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Under the FCRA,

> a furnisher of information who has received notice of a dispute from a CRA is required to:

>> (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation <u>to the CRA</u>; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the

disputed information if it is determined to be inaccurate, incomplete, or unverifiable.

*Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1178 (10th Cir. 2013) (internal citation omitted) (emphasis added).  The furnisher of information is required to complete the above within thirty days of the date the CRA receives notice of the dispute.  *See id.* at 1186.

In their sole count against CitiMortgage, plaintiffs allege that CitiMortgage violated § 1681s-2(b)(2) by failing to complete its investigation and report the results of the investigation within the thirty day time frame.  Nowhere in their Original Class Action Complaint, however, do plaintiffs make the factual allegation that CitiMortgage failed to report back to the CRAs – the entities that CitiMortgage was required to report to under the FCRA – within thirty days.  In fact, there are no facts at all contained within the complaint regarding when or if CitiMortgage reported back to the CRAs.  The only facts alleged relate to when plaintiffs received two letters from CitiMortgage regarding plaintiffs' credit reporting dispute, facts which are clearly irrelevant to plaintiffs' FCRA claim against CitiMortgage.

Accordingly, the Court finds plaintiffs have not set forth sufficient factual allegations to state a claim for a violation of the FCRA against CitiMortgage.  The Court, therefore, GRANTS CitiMortgage's Motion to Dismiss Plaintiffs' Complaint [docket no. 48] and DISMISSES plaintiffs' claim against CitiMortgage.

**IT IS SO ORDERED this 2nd day of August, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

3