**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

MICHAEL WILLIAMS, and )
JERI WILLIAMS, on behalf of )
themselves and a class of )
similarly-situated individuals, )
                                          )
                      Plaintiffs, )
                                          )
vs. )    Case No. CIV-13-354-M
                                          )
CITIMORTGAGE, INC., )
EQUIFAX INFORMATION )
SERVICES, LLC, )
EXPERIAN INFORMATION )
SOLUTIONS, INC., and )
TRANS UNION, LLC, )
                                          )
                      Defendants. )

**ORDER**

Before the Court is defendant CitiMortgage, Inc.'s ("CitiMortgage") Motion to Dismiss Plaintiffs' First Amended Complaint, filed November 7, 2013. On December 19, 2013, plaintiffs filed their response, and on January 21, 2014, CitiMortgage filed its reply.

I.     Introduction

Plaintiffs bring a two-count putative class action complaint under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against CitiMortgage, a furnisher of information, and three credit reporting agencies ("CRA"s): Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC (collectively, the "CRA Defendants"). Plaintiffs' First Amended Class Action Complaint contains one count against CitiMortgage (Count I) and one count against the CRA Defendants (Count II). In relation to CitiMortgage, plaintiffs allege:

> Following the timely receipt of notification of Plaintiffs' dispute from Equifax and Trans Union with all relevant information, CitiMortgage failed to comply with the obligations and requirements of the FCRA,

> including 15 U.S.C. § 1681s-2(b)(2), as it specifically (i) failed to conduct an investigation with respect to the disputed information, (ii) failed to review all relevant information provided by the CRA's, (iii) failed to report the results of an investigation, if any, of Plaintiffs' dispute to Equifax and Trans Union, or all other Credit Reporting Agencies if any said investigation revealed that the information provided was incomplete or inaccurate, and (iv) failed to modify or delete information that was inaccurate or incomplete or which could not be verified with respect to CitiMortgage's reporting to CRA's regarding the dispute by the Plaintiffs. Such actions/inactions of CitiMortgage were not performed, reported, modified, etc. on or before July 25, 2012, or 30 days from when the CRA's received notice of Plaintiffs' dispute as required by the FCRA.

First Amended Class Action Complaint at ¶ 46. Pursuant to Federal Rule of Civil Procedure 12(b)(6), CitiMortgage moves this Court to dismiss plaintiffs' claim against it.

## II.  Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does

a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.   Discussion

Under the FCRA,

> a furnisher of information who has received notice of a dispute from a CRA is required to:
>
> > (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable.

*Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1178 (10th Cir. 2013) (internal citation omitted). The furnisher of information is required to complete the above within thirty days of the date the CRA receives notice of the dispute. *See id.* at 1186. Further, a consumer is entitled to actual damages for a negligent violation of the FCRA. *See* 15 U.S.C. § 1681o(a). "Under § 1681n(a), however, the consumer need not prove actual damages if the violation is willful, but may recover punitive damages and statutory damages ranging from $100 to $1,000." *Llewellyn*, 711 F.3d at 1179 (internal quotations and citation omitted).

Defendant asserts that plaintiffs' First Amended Class Action Complaint improperly relies on conclusory allegations that CitiMortgage violated its FCRA obligations. Having carefully reviewed the First Amended Class Action Complaint, the Court finds that plaintiffs do not simply

3

rely on improper conclusory allegations but have set forth sufficient factual allegations to state a claim that CitiMortgage violated its FCRA obligations. In their First Amended Class Action Complaint, plaintiffs specifically allege:

> 21. Following receipt of Plaintiffs' letters of June 20, 2012, Equifax and Trans Union timely (within 5 business days) notified CitiMortgage that Plaintiffs were disputing the information CitiMortgage had reported regarding the resolution of the mortgage loan. Equifax and Trans Union included in such notification to CitiMortgage all relevant information regarding the Plaintiffs' dispute that Equifax and Trans Union had received from the Plaintiffs.
>
> 22. Following receipt of notification of Plaintiffs' dispute from Equifax and Trans Union, CitiMortgage failed to conduct an investigation with respect to the disputed information, failed to review all relevant information provided by the CRA's, and/or failed to report the results of an investigation, if any, of Plaintiffs' dispute to Equifax and Trans Union, and/or all other Credit Report Agencies if any said investigation revealed that the information provided was incomplete or inaccurate. CitiMortgage failed to engage in these actions on or before July 25, 2012, or 30 days from when the CRA's received notice of Plaintiffs' dispute.
>
> 23. CitiMortgage failed to modify or delete information that was inaccurate or incomplete or which could not be verified with respect to CitiMortgage's reporting to the CRA's regarding the dispute by the Plaintiffs on or before July 25, 2012, or 30 days from when the CRA's received notice of Plaintiffs' dispute, specifically all negative information about Plaintiffs' pay off of their mortgage loan with CitiMortgage.

First Amended Class Action Complaint at ¶¶ 21-23. Based upon these allegations, the Court finds that plaintiffs have stated a claim that CitiMortgage violated its FCRA obligations that is plausible on its face. Accordingly, the Court finds that plaintiffs' claim against CitiMortgage should not be dismissed on this basis.

CitiMortgage also asserts that plaintiffs' claim should be dismissed because plaintiffs failed to allege actual damages. In their First Amended Class Action Complaint, plaintiffs allege:

> On or about July 25, 2012, thirty (30) days after all Defendants had received notice of the errors on Plaintiffs' credit report history, Plaintiffs applied for a loan for the purchase of a new Chevy Truck at Hudiburg Chevrolet in Oklahoma. Once again, Plaintiffs were denied credit because of the negative and false information reported by CitiMortgage which had not been removed from Plaintiffs' credit reports furnished by the consumer reporting Defendants.

First Amended Class Action Complaint at ¶ 24. CitiMortgage contends that this allegation does not sufficiently allege actual damages because plaintiffs applied for this car loan before CitiMortgage's time to complete its FCRA obligations had expired. Construing this allegation in the light most favorable to plaintiffs, as the Court must for purposes of this motion to dismiss, the Court finds that plaintiffs have sufficiently alleged actual damages because this allegation may be read such that plaintiffs applied for the loan after CitiMortgage's time to complete its FCRA obligations had expired. Accordingly, the Court finds that plaintiffs' claim against CitiMortgage should not be dismissed on this basis.

Finally, CitiMortgage asserts that plaintiffs' request for statutory damages, punitive damages, and attorneys' fees under § 1681n(a) is improper because plaintiffs have not sufficiently alleged a willful violation of the FCRA.

> A "willful" violation is either an intentional violation or a violation committed by an agency in reckless disregard of its duties under the FCRA. Recklessness is measured by an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.

*Llewellyn*, 711 F.3d at 1183 (internal quotations and citations omitted).

Having carefully reviewed plaintiffs' First Amended Class Action Complaint, the Court finds that plaintiffs have not set forth sufficient factual allegations to state a claim for willful violation of the FCRA. Specifically, the Court finds that plaintiffs have not set forth sufficient factual allegations that allow the Court to draw the reasonable inference that CitiMortgage intentionally violated the FCRA or that CitiMortgage violated the FCRA in reckless disregard of its duties. Accordingly, the Court finds that plaintiffs' request for statutory damages, punitive damages, and attorneys' fees under § 1681n(a) should be dismissed.

IV.    Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART CitiMortgage's Motion to Dismiss Plaintiffs' First Amended Complaint [docket no. 69] as follows:

(A)    The Court GRANTS the motion as to plaintiffs' request for statutory damages, punitive damages, and attorneys' fees under § 1681n(a), and

(B)    The Court DENIES the motion in all other respects.

**IT IS SO ORDERED this 2nd day of April, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE