IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL WILLIAMS, and<br>JERI WILLIAMS, on behalf of<br>themselves and a class of<br>similarly-situated individuals,<br><br>     Plaintiffs,<br><br>vs.<br><br>CITIMORTGAGE, INC.,<br>EQUIFAX INFORMATION<br>SERVICES, LLC,<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., and<br>TRANS UNION, LLC,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-13-354-M<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Before the Court is defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC's ("CRA Defendants") Joint Motion to Dismiss Plaintiffs' Claims of Willful Violations of the FCRA, filed November 8, 2013. On December 20, 2013, plaintiffs filed their response, and on January 21, 2014, the CRA Defendants filed their reply.

I. Introduction

Plaintiffs bring a two-count putative class action complaint under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against CitiMortgage, a furnisher of information, and the CRA Defendants, three credit reporting agencies. Plaintiffs' First Amended Class Action Complaint contains one count against CitiMortgage (Count I) and one count against the CRA Defendants (Count II). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the CRA Defendants move this Court to dismiss plaintiffs' claims that they willfully violated the FCRA.

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.    Discussion

The CRA Defendants assert that plaintiffs' claims that they willfully violated the FCRA should be dismissed because plaintiffs' allegations are conclusory. For purposes of the FCRA,

> [a] "willful" violation is either an intentional violation or a violation committed by an agency in reckless disregard of its duties under the FCRA. Recklessness is measured by an objective standard: action

> entailing an unjustifiably high risk of harm that is either known or so
> obvious that it should be known.

*Llewellyn*, 711 F.3d at 1183 (internal quotations and citations omitted).

Having carefully reviewed plaintiffs' First Amended Class Action Complaint, the Court finds that plaintiffs have not set forth sufficient factual allegations to state a claim for willful violation of the FCRA. Specifically, the Court finds that plaintiffs have not set forth sufficient factual allegations that allow the Court to draw the reasonable inference that the CRA Defendants intentionally violated the FCRA or that the CRA Defendants violated the FCRA in reckless disregard of their duties. Although plaintiffs assert in their response that recklessness can be established through a credit report agency's respective policies and internal procedures and based upon improper investigation procedures, the First Amended Class Action Complaint does not contain any allegations regarding the CRA Defendants' policies, internal procedures, or investigation procedures. Additionally, the First Amended Class Action Complaint does not contain any allegations regarding repetitive or systematic violations of the FCRA by the CRA Defendants. Accordingly, the Court finds that plaintiffs' claims of willful violations of the FCRA against the CRA Defendants should be dismissed.

IV.   Conclusion

For the reasons set forth above, the Court GRANTS the CRA Defendants' Joint Motion to Dismiss Plaintiffs' Claims of Willful Violations of the FCRA [docket no. 72] and DISMISSES plaintiffs' claims of willful violations of the FCRA against the CRA Defendants.

**IT IS SO ORDERED this 2nd day of April, 2014.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

3