# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL WILLIAMS, and <br> JERI WILLIAMS, on behalf of <br> themselves and a class of <br> similarly-situated individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> CITIMORTGAGE, INC., <br> EQUIFAX INFORMATION <br> SERVICES, LLC, <br> EXPERIAN INFORMATION <br> SOLUTIONS, INC., and <br> TRANS UNION, LLC, <br><br> Defendants. | Case No. CIV-13-354-M |

## ORDER

Before the Court is defendant CitiMortgage, Inc.'s ("CitiMortgage") Alternative Motion to Strike the Class Allegations from Plaintiffs' First Amended Complaint, filed November 7, 2013. On December 30, 2013, plaintiffs filed their response, and on January 21, 2014, CitiMortgage filed its reply. Also before the Court is defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC's ("CRA Defendants") Joint Motion to Dismiss or Strike Plaintiffs' Class Allegations, filed November 8, 2013. On December 30, 2013, plaintiffs filed their response, and on January 21, 2014, the CRA Defendants filed their reply.

Plaintiffs bring a two-count putative class action complaint under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against CitiMortgage, a furnisher of information, and the CRA Defendants, three credit reporting agencies. Plaintiffs' First Amended Class Action Complaint contains one count against CitiMortgage (Count I) and one count against the CRA Defendants (Count II). Plaintiffs also seek to represent the following classes:

> CLASS I: All persons nationwide who have disputed information furnished by CitiMortgage to Experian, Equifax, and/or Trans Union, and which disputes CitiMortgage has been timely notified with all relevant information by Experian, Equifax, and/or Trans Union after which CitiMortgage:
> (1) failed to conduct an investigation with respect to the disputed information within thirty (30) days from when Experian, Equifax, and/or Trans Union were notified by the consumer;
> (2) failed to review all relevant information provided by the CRA's within thirty (30) days from when Experian, Equifax, and Trans Union were notified by the consumer;
> (3) failed to report the results of an investigation, if any, of the dispute to Experian, Equifax and/or Trans Union, or all other Credit Reporting Agencies if any said investigation revealed that the information provided was incomplete or inaccurate within thirty (30) days from when Experian, Equifax, and Trans Union were notified by the consumer;
> (4) failed to modify or delete information that was inaccurate or incomplete or which could not be verified with respect to CitiMortgage's reporting to Experian, Equifax, and/or Trans Union regarding the dispute within thirty (30) days from when Experian, Equifax, and Trans Union were notified by the consumer.
>
> CLASS II: All persons nationwide who have disputed information reported by Equifax, Experian, and/or Trans Union, after which Equifax, Experian, and/or Trans Union failed to:
> (1) complete their reinvestigation of the disputed information before the end of the 30-day period beginning on the date on which the Defendants received notice of the dispute from a consumer;
> (2) ascertain whether the disputed information is frivolous, irrelevant, inaccurate, incomplete, and/or unverifiable;
> (3) delete and/or modify any disputed information that is determined to be inaccurate, incomplete, or unverifiable;
> (4) provide written notice of the results of the reinvestigation to the consumer making the dispute within five days of the completion of the reinvestigation; and/or
> (5) clearly note in subsequent reports disputed information that was not resolved by the reinvestigation.

First Amended Class Action Complaint at ¶ 36. All defendants now move to dismiss and/or strike plaintiffs' class allegations. Specifically, defendants assert that plaintiffs have not alleged sufficient facts to plead a claim for class certification pursuant to Federal Rule of Civil Procedure 23.

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted).

Further, Rule 23 provides, in pertinent part:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In relation to the first prerequisite, plaintiffs allege the following in their First Amended Class Action Complaint:

> The members of Class I and Class II are so numerous that joinder of all members is impracticable. The exact number of members in each Class is unknown to Plaintiffs at this time and can only be determined

> through appropriate discovery. Plaintiffs believe that Defendants
> have the information necessary to allow notice to be sent individually
> to each member of each Class.

First Amended Class Action Complaint at ¶ 38. While plaintiffs do not need to allege numerosity with mathematical precision, they do need to allege some facts that would support this claim. Plaintiffs have provided absolutely no facts regarding the numerosity of the members of Class I and Class II. Thus, the members of Class I and Class II could range anywhere from one to one thousand to one hundred thousand.

Additionally, with respect to the impracticability prong of the numerosity prerequisite, plaintiffs merely parrot the language of Rule 23 by alleging the members of the classes "are so numerous that joinder of all members is impracticable." This bare, conclusory allegation is nothing more than a formulaic recitation of the first prerequisite necessary for class certification under Rule 23(a). Without more, the Court finds that plaintiffs have failed to set forth sufficient factual allegations to state the first prerequisite for class certification under Rule 23(a). Therefore, the Court finds that plaintiffs' class allegations should be dismissed.[1]

Accordingly, for the reasons set forth above, the Court GRANTS CitiMortgage's Alternative Motion to Strike the Class Allegations from Plaintiffs' First Amended Complaint [docket no. 70]

---

[1] All defendants also assert that plaintiffs have not sufficiently alleged the remaining prerequisites of Rule 23(a), as well as the requirements of Rule 23(b)(3). While defendants may well be correct, the Court need not discuss the remaining Rule 23(a) prerequisites or the requirements of Rule 23(b)(3) as all requirements must be adequately alleged to state a plausible claim for class certification.

and the CRA Defendants' Joint Motion to Dismiss or Strike Plaintiffs' Class Allegations [docket no. 71] and DISMISSES plaintiffs' claim for class certification.

**IT IS SO ORDERED this 10th day of April, 2014.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE